# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5143

**September Term, 2025**

FILED ON: DECEMBER 29, 2025

BO LI, ET AL.,
>
> APPELLANTS

v.

MARCO RUBIO, SECRETARY, U.S. DEPARTMENT OF STATE AND KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
>
> APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02331)

Before: PILLARD and WALKER, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*

## J U D G M E N T

This appeal was presented to the court and briefed and argued by counsel. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion, *see* Fed. R. App. P. 36; D.C. Cir. R. 36(d), and it is now

**ORDERED AND ADJUDGED** that the district court's orders granting the Government's motion to dismiss, filed on September 30, 2023, and denying the plaintiffs' motion for reconsideration, filed on September 23, 2024, be affirmed.

The appellants are Chinese nationals with approved EB-5 visa petitions. They filed this action under the Administrative Procedure Act (APA) seeking an order compelling the United States Department of State to assign them visa numbers and to process their applications.[*] The State Department assigns visa numbers "in connection with the issuance of immigrant visas" in order to comply with the limits established by the Immigration and Nationality Act for specific visa categories, including EB-5 visas. 22 C.F.R. § 42.51(b). The process for obtaining an EB-5 visa is set forth in greater detail in *Da Costa v. Immigration Investor Program Office*, 80 F.4th

---

[*] The State Department issued visas to some appellants after the appellants filed their notice of appeal. The appellants have agreed to dismiss their claims with respect to those appellants.

330, 335-37 (D.C. Cir. 2023).

Under the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Here, the appellants claim the State Department "has a discrete, required duty to allocate" visa numbers to all "immigrants with approved EB-5 petitions up to the statutory caps each fiscal year." Appellants' Br. 6, 8. That is not correct.

We have stated repeatedly that an approved visa petition "makes the noncitizen eligible to stand in line for an immigrant visa number to be issued by the Department of State." *Da Costa*, 80 F.4th at 336 (cleaned up); *see also iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 61 (D.C. Cir. 2021) (same with respect to a different employment-based visa subcategory); *Del. Valley Reg'l Ctr., LLC v. DHS*, 106 F.4th 1195, 1198 (D.C. Cir. 2024) ("Because the EB-5 visa program is oversubscribed, an immigrant investor whose EB-5 petition is approved by USCIS must wait in a virtual 'line' until a visa becomes available"). That is where the appellants find themselves currently; the USCIS has approved their visa petitions, so they may "stand in line for an immigrant visa number." *Da Costa*, 80 F.4th at 336. In other words, the approval of their petitions is an intermediate step that does not entitle them to a visa number, let alone a visa. *See Immigrant Visa Process, Step 2: NVC Processing*, U.S. Dep't of State, Bureau of Consular Affs., https://perma.cc/T6GT-J239 (last visited Dec. 12, 2025) (outlining the steps after the USCIS approves a petition and warning applicants that "even if USCIS approves an immigrant visa petition for you, you may not get an immigrant visa number immediately").

The appellants rely primarily upon 8 U.S.C. § 1153(b)(5)(A), which provides in relevant part that EB-5 visas "shall be made available, in a number not to exceed 7.1 percent of [the] worldwide level, to qualified immigrants." That provision is silent, however, as to when the State Department shall assign a visa number. The State Department has represented that it assigns a visa number close in time to when it is ready to issue a visa. The appellants have not identified any statute preventing the State Department from proceeding in this manner.

For these reasons, we affirm the district court's dismissal of the complaint for failure to state a claim.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

2

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk